# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE JUNE PAK,<br><br>          Plaintiff,<br><br>     v.<br><br>SIX UNKNOWN NAMES AGENT OR MR. PRESIDENT OF THE UNITED STATES BARACK OBAMA,<br><br>          Defendants. | Case No.  1:13-cv-00750-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO   DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE<br><br>(ECF No. 1)<br><br>(FOURTEEN-DAY DEADLINE) |

      Plaintiff Jae June Pak filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 20, 2013.  Plaintiff was a federal prisoner who appears to have been released on May 8, 2013.  While this action is brought in the name of Jae June Pak, the Court finds that the handwriting and substance of the complaint is being brought by Young Yil Jo.

      To date, Plaintiff Young Yil Jo has filed over one-hundred fifty civil cases in this district.  The complaint filed in this action is not signed and it sets forth no intelligible claims for relief, and fails to state any cognizable claims under federal law.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly,  550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007).  Given this litigant's abusive filing practices in this district, and the utterly incoherent pleading before the Court, leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Federal courts, as all courts, are for the serious presentation of cases in which litigants wish to have their matters heard.  Plaintiff is not one who takes his claim with any serious indication that he intends to pursue it.  Additionally, Plaintiff neglected to sign his complaint, and unsigned documents cannot be considered by the Court.  Fed. R. Civ. P. 11(a); Local Rule 131(b).  Accordingly, this case will be dismissed.

As for dismissing this case with prejudice, this Plaintiff has filed over one-hundred fifty civil cases in this district and in a variety of names involving the similar claims and similar lack of any facts which comport with the Federal Rules of Civil Procedure.[1]  Plaintiff has been admonished by numerous judges of this court and yet still heeds no warning.  In any filing in federal court, an attorney, including a pro se party, is subject to sanctions under Federal Rule of Civil Procedure 11 for his acts in this case.  Federal Rule of Civil Procedure 11(b) states, in pertinent part:

> **(b) Representations to the Court.**  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....

Federal Rule of Civil Procedure 11(c) further states, in pertinent part:

> **(c) Sanctions.**
>
> **(1) *In General*.**  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.
>
> ...
>
> **(3) *On the Court's Initiative*.**  On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

As noted, Federal Rule of Civil Procedure 11 requires every factual allegation and legal

---

[1] Plaintiff is forewarned that his conduct of filing these civil complaints in other person's names and/or using a "means of identification" of another person and/or using these filings to perpetrate a fraud and/or mailing items to perpetrate a fraud may subject the Plaintiff to criminal liability.

2

contention to have a reasonable basis.  Plaintiff's complaint sets forth no intelligible claims for relief, and fails to state any cognizable claims under federal law.  Plaintiff's past civil complaints provide similar unintelligible claims for relief with no recognizable claims under federal law.  As a result, the Court recommends dismissing Plaintiff's claim with prejudice.  Plaintiff is further forewarned that filing a complaint based upon facts and law that have no reasonable basis may result in further sanctions, including but not limited to an order to pay a penalty to the Court.  See Fed. R. Civ. P. 11(c)(4).  Accordingly,

IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen **(14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 29, 2013**

UNITED STATES MAGISTRATE JUDGE

3